# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re** <br><br> RANDY N. TAGGART and <br> GEORGENA TAGGERT, <br><br> **Debtors.** | **Bankruptcy Case** <br> **No. 09-40652-JDP** |

_____

## MEMORANDUM OF DECISION

_____

**Appearances:**

Jim Spinner, SERVICE, SPINNER & GRAY, Pocatello, Idaho, Attorney for Chapter 7 Trustee R. Sam Hopkins.

John O. Avery, Idaho Falls, Idaho, Attorney for Debtors.

### *Introduction*

In this case, the Court must again examine the adequacy of a debtor's homestead declaration under Idaho Code § 55-1004.

On July 7, 2009, chapter $7^1$ trustee R. Sam Hopkins ("Trustee") filed a

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all rule references are to the

MEMORANDUM OF DECISION - 1

Trustee's Objection to Claim of Exemption, Docket No. 17.  Debtors Randy and Georgena Taggart ("Debtors") responded, albeit somewhat tardily.[2]  Docket No. 19.  The Court conducted a hearing on the objection on September 29, 2009, and thereafter took the objection under advisement.  The Court has considered the submissions of the parties, the testimony and evidence, the arguments of counsel, as well as the applicable

---

Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

[2] There is some confusion in the docket.  When Debtors did not timely respond to Trustee's objection to their claim of exemption, Trustee filed an Affidavit of No Objection.  Docket No. 18.  A couple of days later, Debtors filed three documents:  the first was a response to Trustee's objection, Docket No. 19; the second was a supplemental response which included the declaration and amended declaration of homestead at issue, Docket No. 20; and the third document filed was a response to Trustee's Affidavit of No Objection, Docket No. 21.  Trustee's objection was thereafter set for a hearing, Docket No. 24.  However, Debtors subsequently withdrew their responses to both Trustee's objection and to Trustee's Affidavit of No Objection.  Docket Nos. 25 and 26.  As a result, Trustee filed an Amended Affidavit of No Objection, Docket No. 28, but also filed a brief in support of his objection in anticipation of the approaching hearing, which had not been vacated, Docket No. 29.  Debtors thereafter filed an unsigned brief on the morning of the hearing, Docket No. 30, and the day after the hearing they filed a signed copy of that brief, Docket No. 32.  Although Debtors' response to Trustee's objection had technically been withdrawn, it appears such was an oversight, as Debtors' counsel appeared at the hearing to argue in opposition to Trustee on his clients' behalf.  Furthermore, Debtors both testified at the hearing.  Under the circumstances, the Court considers the issues raised by Trustee's objection to be at issue and now properly submitted for the Court's disposition.

MEMORANDUM OF DECISION - 2

law. This Memorandum constitutes the Court's findings, conclusions and disposition of the issues. Fed. R. Bankr. P. 7052; 9014.

*Facts*

Prior to March, 1997, Debtors lived in their home in Preston, Idaho, and paid mortgage payments to a bank. Their home was adjacent to a small parcel of undeveloped land located at 635 South 1st East, Preston, Idaho ("Parcel") that Debtors owned outright. In March, 1997, the bank foreclosed on the mortgage and Debtors lost their home. As the Parcel was not subject to the mortgage, Debtors retained it. Debtors currently reside in a rented house in Preston, and plan to build on the Parcel when they are financially able to do so.

In December, 2008, Debtors filed a chapter 13 petition, which they dismissed in March, 2009. On April 10, 2009, Debtors recorded a Declaration of Homestead Exemption ("Declaration") concerning the Parcel. Ex. 100. On May 7, 2009, Debtors filed a chapter 7 petition, commencing this bankruptcy case. Docket No. 1. On schedule A, Debtors listed the Parcel and valued it at $30,000. *Id*. On schedule C, Debtors

MEMORANDUM OF DECISION - 3

claimed the Parcel exempt as their homestead in the amount of $100,000 under Idaho Code § 55-1003, and listed its current value as $30,000. *Id.*

On July 7, 2009, Trustee filed an objection to Debtors' claimed exemption in the Parcel. Apparently in response, Debtors filed an Amended Declaration of Homestead Exemption ("Amended Declaration") on July 29, 2009. Ex. 101. These events placed the validity of Debtors' homestead exemption claim before the Court.

## *Analysis and Disposition*

1. General Exemption Standards.

Upon commencement of a bankruptcy case, all property in which Debtors have a legal or equitable interest becomes property of the bankruptcy estate. 11 U.S.C. § 541(a). However, Idaho law permits certain types of property to be exempted by Debtors. *See* 11 U.S.C. § 522(b)(2); Idaho Code § 11-609. Entitlement to exemptions is determined as of the petition date. *Culver, L.L.C. v. Chiu (In re Chiu)*, 226 B.R. 743, 751 (9th Cir. BAP 2001); *In re Carlson*, ___ I.B.C.R. ___, 2009 WL 2589161 *2 (Bankr. D. Idaho Aug. 20, 2009). In Idaho, exemption statutes are to be liberally

MEMORANDUM OF DECISION - 4

construed in favor of Debtors.  *In re Kline*, 350 B.R. 497, 502 (Bankr. D. Idaho 2005) (citing *In re Steinmetz*, 261 B.R. 32, 33 (Bankr. D. Idaho 2001).  Finally, as the objecting party, it is Trustee's burden to prove that Debtors' claim of exemption is improper.  Rule 4003(c); *Carter v. Anderson (In re Carter)*, 182 F.3d 1027, 1029 n. 3 (9th Cir. 1999);  *In re Katseanes*, 07.4 I.B.C.R. 79, 79 (Bankr. D. Idaho 2007).

   2.  Jurisdiction.

   Initially, Debtors challenge this Court's jurisdiction to resolve this homestead issue.  Idaho law provides:

> Every homestead created under this chapter is presumed to be valid to the extent of all the property claimed exempt, until the validity thereof is contested in a court of general jurisdiction in the county in which the homestead is situated.

Idaho Code § 55-1008(2).  Based upon this statute, Debtors contend that only an Idaho state court of general jurisdiction in Franklin County, Idaho, can properly resolve the homestead issue raised here.

   The Court respectfully disagrees.  In *In re Tiffany*, this Court previously considered the same issue, and concluded:

MEMORANDUM OF DECISION - 5

> this Court has jurisdiction to decide an exemption issue involving a debtor within its jurisdiction, even though such a decision involves interpretation of state statutes which reserve exclusive jurisdiction to the state courts, under the supremacy clause of the Constitution of the United States.

*In re Tiffany*, 106 B.R. 213, 215 (Bankr. D. Idaho 1989). Debtors offer no good reason to deviate from this Court's prior holding in *In re Tiffany*. Federal law grants the United States District Courts exclusive jurisdiction over all cases under Title 11, and over all civil proceedings arising under Title 11, or arising in or related to a case under Title 11. 28 U.S.C. § 1334(a), (b). Federal district courts, in turn, may refer such cases and proceedings to the bankruptcy judges for the district. 28 U.S.C. § 157. The district court in the District of Idaho has done so. *See* General Order No. 38.[3] Pursuant to 28 U.S.C. § 157(b)(1), bankruptcy judges "may hear and determine . . . all core proceedings arising under title 11." A proceeding to determine the extent and validity of a debtor's exemptions in a bankruptcy

---

[3] General Order 38 has been amended several times; the most recent amendment is via General Order 113, dated April 24, 1995.

MEMORANDUM OF DECISION - 6

case is a core proceeding.  28 U.S.C. § 157(b)(2)(b).  In other words, federal law amply supports this Court's jurisdiction over exemption matters arising in bankruptcy cases, including this dispute, and as the supreme law of the land, that federal jurisdictional scheme controls even in the face of a state statute to the contrary.

    3.  Idaho Homestead Law.

Under Idaho law, Debtors are permitted to claim an exemption in a qualifying homestead.  Idaho Code § 55-1001, *et seq.*; *In re Field*, 05.1 I.B.C.R. 11, 13 (Bankr. D. Idaho 2005); *In re Yackley*, 03.1 I.B.C.R. 84, 84 (Bankr. D. Idaho 2003).  A homestead exemption is established in one of two ways:  either automatically, by the Debtors' occupation of a home as their principal residence, or mechanically, through their execution and recordation of a declaration.  Idaho Code § 55-1004(2); *In re Cerchione*, 09.1 I.B.C.R. 5, 6 (Bankr. D. Idaho 2009) *aff'd*, ___ B.R. ___, 2009 WL 3235585 (9th Cir. BAP Sep. 8, 2009); *In re Moore*, 269 B.R. 864, 869 (Bankr. D. Idaho 2001).  Once properly established, Debtors may exempt up to $100,000 of equity in the homestead.  Idaho Code § 55-1003.

MEMORANDUM OF DECISION - 7

4. Application.

A homestead exemption may arise automatically "from and after the time the property is occupied as a principal residence by the owner . . . ." Idaho Code § 55-1004(1). In this case, the evidence is clear that Debtors have never occupied the Parcel as their principal residence, and thus cannot qualify for an automatic homestead exemption.

As such, Debtors seek to establish a homestead exemption under Idaho Code § 55-1004(2), which protects a debtor's "unimproved or improved land that is not yet occupied as a homestead . . . ." In order to do so, Debtors must execute and record with the county a written declaration of homestead as to the Parcel. Idaho Code § 55-1004(2); *In re Thorp*, 09.3 I.B.C.R. 90, 91 (D. Idaho 2009); *In re Cerchione*, 09.1 I.B.C.R. at 6.

The statute is very specific concerning the content required for an effective declaration of homestead. Idaho Code § 55-1004(3) provides:

> (3) The declaration of homestead *must contain*:
> (a) A statement that the person making it is residing on the premises or intends to reside thereon and claims the premises as a homestead;
> (b) A legal description of the premises; and

MEMORANDUM OF DECISION - 8

>       (c) An estimate of the premises actual cash value.

Idaho Code § 55-1004(3) (emphasis supplied).  The district court has strictly construed the requirements of Idaho Code § 55-1004.  *In re Thorp*, 09.3 I.B.C.R. at 92.

Debtors' Declaration clearly contains a legal description of the Parcel as well as an estimate of its actual cash value.  Thus, those two elements are satisfied.  However, as to the required statement of Debtors' intent, the Declaration merely provides: "[p]lease accept this as notice of **Declaration of Homestead Exemption** on the property located at:  635 South 1st East, Preston, Franklin, County of Idaho [sic]".  Ex. 100 (emphasis in original).  The statute, on the other hand, requires a statement "that the person making it is residing on the premises or intends to reside thereon and claims the premises as a homestead".  Idaho Code § 55-1004(3)(a).

Because Debtors are not currently residing on the Parcel, the statute clearly requires their recorded declaration to state that they intend to reside thereon *and* that they claim the premises as a homestead.  Idaho Code § 55-1004(3).  In this case, the Declaration does indicate that Debtors

MEMORANDUM OF DECISION - 9

claim the premises as a homestead, but is devoid of any statement of their intention to reside there.

Debtor Randy Taggart admitted at the hearing that the original recorded Declaration failed to include such a statement of their intent, which is why they filed the Amended Declaration. The district court has held that the failure to satisfy a required statutory element renders the declaration ineffective to create a homestead exemption. *In re Thorp*, 09.3 I.B.C.R. at 92. Accordingly, the Court concludes that the Declaration is deficient under the clear language of the statute.

Moreover, although Debtors testified at the hearing that it was their intention to eventually reside on the Parcel, the Declaration contains no facts from which the Court could infer such intent. *See In re Thorp*, 09.3 I.B.C.R. at 92; *Mellen v. McMannis*, 75 P. 98, 99 (Idaho 1904). Debtors' testimony can not supplement the Declaration on file on petition day. The statute provides that debtors who select a homestead from unimproved land "must execute a declaration of homestead and file the same for record in the office of the recorder of the county in which the land is located."

MEMORANDUM OF DECISION - 10

Idaho Code § 55-1004(2). Thus, not only does the statute require that such intention be stated in the Declaration, but also that the Declaration be filed and recorded. These two requirements provide notice to the public at large concerning a landowner's intentions with regard to using it as their homestead. As noted above, such requirements have been construed strictly, and there is no reason for the Court to deviate from such strict application here. Indeed, Debtors have not offered any reason for the Court to do so.

As noted above, exemptions are determined as of the date the petition is filed. Here, the only declaration in place on petition day was one that is deficient and therefore ineffective. Although the Amended Declaration filed by Debtors may have included all necessary elements under Idaho Code § 55-1004, it was filed postpetition, and cannot relate back to the date of the prepetition Declaration. *In re Thorp*, 09.3 I.B.C.R. at 92-93.

### *Conclusion*

Debtors' Declaration on file with the county on the date they filed

MEMORANDUM OF DECISION - 11

their bankruptcy petition was deficient under Idaho law, and as a result, it was inadequate to create a homestead exemption in the Parcel. Debtors could not cure the deficiency, for bankruptcy purposes, by recording an amended declaration at a later date. Accordingly, Debtors are not entitled to the homestead exemption they claimed on schedule C. Trustee's objection will be sustained by separate order.

Dated: October 27, 2009

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge